```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Jack Z. Higgins

    v.                                            Civil No. 10-cv-436-SM

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility

## REPORT AND RECOMMENDATION

Before the court is Jack Z. Higgins's motion to amend his petition for a writ of habeas corpus (doc. no. 6). For the reasons that follow, the court recommends that the motion be denied.

### Procedural Background

Higgins filed a petition for a writ of habeas corpus (doc. no. 1). This court issued a report and recommendation (doc. no. 3) recommending that the petition be dismissed in its entirety on the grounds that:

- Higgins's claims challenging his conviction and sentence (numbered Claims 1 and 2 in the report and recommendation) are untimely.

- Higgins's claims challenging the denial of his parole (numbered Claims 3 and 4 in the report and recommendation) fail because he has no protectable constitutional right to parole.

- Higgins's claim challenging the summary declination of his notice of discretionary appeal (numbered Claim 5 in the report and recommendation) fails because he has no due process right to an exposition of the reasons why the New Hampshire Supreme Court denied his appeal.

After seeking and obtaining extensions of time until June 1, 2012, to file a response to the report and recommendation (doc. no. 3), Higgins filed a motion to amend his petition (doc. no. 6), accompanied by the proposed amended petition (doc. no. 6-1). In that motion, he asserts that he seeks to amend his petition as follows:

- To substitute the name of the respondent;

- To address the court's concerns regarding the timeliness of his petition;

- To add new claims challenging his sentence and the denial of his parole;

- To add details to his previous challenges to his sentence;

- To eliminate two of the challenges he previously made to his conviction; and

- To add a new claim challenging the denial of his recently filed motion for sentence reduction, which is still pending in the state courts.

### Discussion

I. <u>Motion to Amend</u>

Fed. R. Civ. P. 15(a) allows a pleading to be amended once as a matter of course within twenty-one days after service of the pleading or, if the pleading requires a response, within

twenty-one days after service of a responsive pleading; in other circumstances, a party may amend its pleading with the court's leave, which the court "should freely give [] when justice so requires." See Fed. R. Civ. P. 15(a). Rule 15(a) applies to motions to amend habeas petitions. See Mayle v. Felix, 545 U.S. 644, 649 (2005) (applying Rule 15(a) to motion to amend habeas petition pursuant to 28 U.S.C. § 2242, which states that a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").

    The court has discretion to deny a motion to amend "'for any adequate reason apparent from the record.'" Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)). "Futility of the amendment constitutes an adequate reason to deny the motion to amend." Todisco, 497 F.3d at 98 (citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006)). In evaluating whether a proposed amendment is futile, the court applies the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6). See Adorno, 443 F.3d at 126. Accordingly, this court will "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief," while disregarding statements "that simply offer

3

legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 7 (1st Cir. 2011)); see also Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## II. Challenges to Conviction and Sentence

In his motion to amend (doc. no. 6) and proposed amended petition (doc. no. 6-1), Higgins argues that the report and recommendation is flawed in finding that Higgins's challenges to his convictions and sentences are time-barred. See Doc. No. 6-1, ¶¶ 47-68 and 70. Upon careful review of Higgins's instant filings, the court finds nothing therein that leads it to alter its previous recommendation that the challenges to Higgins's convictions and sentences be dismissed as untimely.

In the proposed amended petition, Higgins reiterates his previous arguments, and makes new challenges to his underlying convictions and sentences. See id. at ¶¶ 71-95. As fully explained in the February 1, 2012, report and recommendation (doc. no. 3), the court finds that all such claims are barred by the applicable statute of limitations, and the court would similarly recommend the dismissal of any such claims included in

the amended petition.  Amending the petition to include those claims, therefore, would be futile.

III. Challenges to Denial of Parole

In his proposed amended petition (doc. no. 6-1), Higgins asserts a liberty interest in being granted parole, and alleges that his equal protection rights have been violated by the parole board denying him parole while granting parole to inmates similarly situated to him.  See id. at ¶¶ 96-151.  Upon careful review of Higgins's instant filings, the court finds nothing in those documents that leads it to alter its conclusion that Higgins has no protectable liberty interest in or right to parole.  For the reasons fully explained in the February 1 report and recommendation (doc. no. 3), Higgins has not asserted a right to parole cognizable in a habeas petition.  Accordingly, amending the petition to include additional claims challenging the denial of parole would be futile.

IV. Denial of Motion for Sentence Reduction

Higgins states that he filed a motion for a sentence reduction in the Superior Court on April 25, 2012, and that the Superior Court denied the motion based on information in the state's objection.  Higgins further alleges that he was not provided with a copy of the objection.  Higgins's motion for a sentence reduction was denied on May 15, 2012, and his motion to

5

reconsider the denial is still pending. Higgins seeks to add a due process challenge to the Superior Court's decision, once the matter has been fully exhausted in the state courts.

As stated above, the court finds that Higgins's efforts to amend his claims challenging his convictions, sentences, and denial of parole, are futile, and herein recommends that the motion to amend (doc. no. 6) be denied on that basis. Assuming, without deciding, that the denial of a sentence reduction motion could give rise to a cognizable federal habeas claim, once exhausted, the claim is not yet ripe for review, as the matter remains pending in the state courts. Because the challenge to the denial of a 2012 motion for sentence reduction is rendered neither untimely nor successive by any prior finding of this court, or the recommended disposition of this matter, the court recommends that the motion to amend, to add a claim challenging the May 2012 denial of sentence reduction, be denied without prejudice to Higgins's ability to refile that claim in a federal habeas petition once he has exhausted his state remedies for the claim.

## Conclusion

For the foregoing reasons, and for the reasons set forth in the February 1 report and recommendation (doc. no. 3), the court renews its previous recommendation that the habeas petition be

dismissed, and further recommends that the motion to amend (doc. no. 6) be denied, without prejudice to Higgins's filing a petition challenging the denial of his April 2012 sentence reduction motion, once that claim is exhausted in the state courts.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

June 6, 2012

cc:  Jack Z. Higgins, pro se

LBM:jba